NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-69-HRW

LEROY SINGLETON, JR.                                                                                         PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON                                                                                                 RESPONDENT

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Leroy Singleton, Jr., an individual currently confined in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Ashland, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 in this Court. He has paid the $5.00 habeas filing fee [*see* Record No. 6].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Singleton is appearing *pro se,* his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

ALLEGATIONS AND CLAIMS

Singleton has submitted to this Court a completed commonly used petition form, to which he has attached a memorandum of law and numerous exhibits. Record No. 2. The following is a summary of the allegations and claims which he makes in these materials.

The petitioner states that he was convicted of certain federal drug offenses in 1996. He is currently serving the 235-month sentence imposed by the United States District Court for the Southern District of Georgia.

In this §2241 petition, he challenges the procedures utilized during a disciplinary proceeding conducted against him. The disciplinary hearing occurred on February 17, 2006, while he was incarcerated in the Federal Prison Camp in Atlanta, Georgia. He attaches the incident report which was written against him there, along with various other documents.

In the BOP incident report, dated January 6, 2006, the petitioner was charged with (1) Possession of Anything Not Authorized, a Code 305 offense, and (2) Possession, Manufacture or Introduction of a Hazardous Tool, a Code 108 offense.[1] These charges were based upon a corrections officer's discovery of two cartons of cigarettes and a cell phone in the petitioner's possession and a subsequent struggle over the phone. The disciplinary committee recommended

---

[1]
The various levels of BOP offenses are listed in 28 C. F. R. §541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

Under this scheme, a Code 108 offense is defined as: "Tools most likely to be used in an escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade."

that the matter be decided by a disciplinary hearing officer ("DHO") and also recommended that if Singleton were found guilty, he should be penalized with a 30-day stay in disciplinary segregation, the loss of commissary and telephone privileges for 60 days, and a transfer.

The incident report shows that although the incident occurred on January 6, 2006, the petitioner was not served with notice of the charges until February 9, 2006. Therefore, after approval, the petitioner was served with a copy of the charges on February 9th and the disciplinary committee did not make its recommendations until February 14, 2006. The disciplinary hearing transpired on February 17, 2006. The petitioner was convicted of both the Code 108 and Code 305 offenses.

As to the Code 108 offense, his sanctions were: (1) a transfer; (2) forfeiture of 40 days of good time credit ("GTC"); (3) disciplinary confinement for 60 days; (4) loss of telephone privileges for 365 days (one year); and (5) loss of commissary privileges for 60 days.

As to the Code 305 offense, his sanctions were: (1) disciplinary confinement for 15 days; (2) forfeiture of 15 days of GTC; and (3) loss of commissary privileges for 60 days.

Petitioner Singleton attached the resulting DHO Report dated February 27, 2006. The DHO Report acknowledged that the petitioner had not been served with notice of the charges within the requisite 24-hour time frame [Page 4 of DHO Report, Record No. 2-6].

The DHO excused the lapse because the Warden had submitted a memorandum dated February 1, 2006, in which he (the Warden) explained that a discrepancy in the Incident Report caused a delay in the prosecution of the disciplinary charges. In the memorandum, the warden approved the delay [Record No. 2-4]. The BOP officials supported the action of the warden

during the administrative appeal process, finding good reason for the delay and no resulting prejudice to Petitioner Singleton [Record No.2-6, pp. 9 and 13].

Petitioner alleges that the disciplinary hearing process was constitutionally flawed, in violation of his due process rights, because: (1) he was placed in administrative segregation without knowing the charges against him; (2) he did not know that delayed prosecution was being considered; and (3) he did not receive notice of the charges until the February 9th date, rather than within 24 hours, as is called for in the pertinent BOP regulation, 28 C.F.R. §541.15.

The petitioner argues the importance of visitation for prisoners and the Supreme Court's words about the importance of procedural protections of prisoners' due process rights in *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). Claiming that he had liberty interests in avoiding segregation and in keeping his GTC and that he did not receive the process he was due, Singleton seeks expungement of the conviction, reinstatement of the good time credits, and a transfer back to his prior place of incarceration.

## DISCUSSION

The petitioner has alleged that his receipt of the charges was delayed, and that claim is substantiated by the record. For several reasons, the Court must deny the §2241 petition.

### 1. Delay in Notification Not Prejudicial

First, the petitioner does not, however, demonstrate how he was prejudiced by the several-month delay. The Warden has set forth an explanation for the delay in notification which, like the BOP officials, the Court does not find unreasonable. The case law requires a showing of prejudice resulting from delay. *See Taylor v. Ruffino*, 1994 WL 84932 (6th Cir. Mar.

11, 1994) (unpublished order) (habeas relief not warranted where petitioner failed to show that revocation hearing delay actually prejudiced him); *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir.1993) (154-day delay between arrest and final hearing did not violate due process absent showing of prejudice); *Prince v. Straub*, 78 Fed. Appx. 440, *442 (6th Cir (Mich.) September 12, 2003) (not selected for publication in the Federal Reporter); *Harris v. Day*, 649 F.2d 755, 761-62 (10th Cir.1981) (showing of prejudice required with delay in holding a parolee's parole revocation hearing after execution of a parole warrant).

## 2. No Due Process Violation in Segregation

The Court finds no prejudice resulting from the delay even though the petitioner was lodged in administrative segregation during the interval between January, 6, 2006, and February 9, 2006. This is because the petitioner had no liberty interest in remaining free from such segregation. Due process rights are only triggered by the deprivation of a legally cognizable property interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3rd Cir. 2003).

For a prisoner, a deprivation of a legally cognizable liberty interest occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484-86, 115 S. Ct. 2293 (1995). In *Sandin*, a state prisoner challenged his 30-day sentence to segregation after the prison adjustment committee followed a prison regulation in determining Sandin's guilt. The question was whether the regulation created a liberty interest which would have entitled him to substantial due process procedures established in *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974).

The Supreme Court determined that neither the Due Process Clause nor the Hawaii prison regulation at issue presented a liberty interest such as to trigger due process procedural protections set forth in *Wolff*. The Court stated that " . . . Conner's discipline in segregated confinement did not represent the type of atypical, significant deprivation in which a state might conceivably create a liberty interest . . ." *Id.* at 483-84. *Sandin* focused not on the content of the regulations, but on the "nature of the deprivation" visited upon the inmate. *Id.* at 481.

Based on this case law, the petitioner did not have a liberty interest in remaining free from administrative segregation during the one-month time period at issue. Any injury he alleges as a result of such segregation would not be actionable under the Fifth or Eighth Amendments.

### 3. Challenege to Hearing Process Without Merit

Third, the petitioner lost 40 days of GTC on the Code 108 violation, and 15 days of GTC on the Code 305 offense. The petitioner enjoyed a constitutionally protected liberty interest in those GTC.[2] He must, however, establish that the process under which he was deprived of the GTC, when convicted of the disciplinary infractions, violated his right to due process of law.

---

[2]
Singleton's argument appears to be that *as a result of being placed in administrative segregation* between January 6, 2006, and February 8, 2006, he lost the 40 days of good time credit [*see* Memorandum, Record No. 2-2, p. 2]. That is an incorrect assertion. Singleton's loss of good time credits, along with the other penalties imposed, was a result of the fact that he was convicted of the two offenses of which he was charged, not as a result of having been confined in segregation.

To the extent that the petitioner challenges the sufficiency of the evidence upon which he was convicted in the disciplinary hearing, his arguments fail. The case law is clear that a DHO need not accept what the inmate perceives to be the "best" or most convincing or most persuasive set of facts: according to *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985), there need only be "some evidence" to support the disciplinary decision. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*.

In *Superintendent v. Hill*, the Supreme Court held that:

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the minimum requirements of procedural due process . . . . [a]scertaining whether the 'some evidence' standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

*Id.* at 454-55.

"Some evidence" is a lenient standard; the relevant question is whether any evidence in the record could support the disciplinary board's conclusion. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. at 455-56; *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000). Therefore, a district court has no authority under the guise of due process to review a disciplinary committee's resolution of factual disputes. *Superintendent*, 472 U.S. at 455. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt.

A district court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support. *Id.* at 457. The only question is whether the DHO had "some evidence"

to ensure fairness and justify his amended findings. Even meager proof will suffice. *Webb*, 224 F.3d at 652.

While the facts are not one hundred percent conclusive of whether the petitioner violated Code 108 and Code 305 offenses, the conclusions reached in the DHO Report are adequate facts upon which to base a prison disciplinary conviction. They constitute "some" facts upon which the DHO was entitled to rely in finding the petitioner guilty of violating Code No. 108 and Code No. 305. The DHO was not required to accept the petitioner's claim that the others were responsible for the fact that a cell phone and a carton of cigarettes were discovered in a box which the petitioner was carrying.[3] The discovery of contraband under these facts is sufficient to support the conviction. *See also Quintanilla v. O'Brien*, 127 Fed. Appx. 887, 888, 2005 WL 774372 (7th Cir. (Ill.) 2005) (Prison guard's discovery of seven-inch, hand-sharpened shank under federal prisoner's mattress provided some evidence sufficient to comport with due process and to support conviction for possessing dangerous contraband).

To the extent the petitioner is asserting that the testimony the DHO relied upon lacked credibility, independent assessment of witnesses' credibility by a district court is not required. *Id*. at 455. Federal courts do not assess credibility or weigh the evidence when reviewing a disciplinary conviction. A DHO's credibility determinations cannot be disturbed on appeal.

---

[3] *See Sarmiento v. Hemingway*, 93 F. App'x 65, 68 (6th Cir. (Mich.) March 15, 2004) (not selected for publication in the Federal Reporter) (where the facts were in dispute and the DHO determined that the greater weight of the evidence supported the finding that inmate Sarmineto committed the prohibited act of "tampering with a security device" under Code No. 208, the Sixth Circuit affirmed the district court's ruling that the DHO's decision was supported by some evidence, and that Sarmiento's constitutional rights were not violated).

*Wagner v. Seely, et al.*, 915 F.2d 1575 (7th Cir. 1990) (unpublished), *cert. denied*, 501 U.S. 1219 (1991).  In light of the law of these issues, the Court must reject the petitioner's due process challenge to his disciplinary conviction as lacking merit.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  Leroy Singleton, Jr.'s §2241 petition for habeas corpus [Record No. 2] is **DENIED** and this action is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court.

(2)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This July 30, 2007.

Signed By:
**Henry R Wilhoit Jr.**
United States District Judge